## THOMAS versus HILL.

Damages are recoverable for an injury to a mill lawfully existing, occasioned by the erection of any dam, unless the right to maintain such mill shall have been lost or defeated.

CASE for diverting water from the plaintiff's mill on Royall's river. Both parties claim under one Powell, who formerly owned all the rights now in controversy. In 1779, he erected a mill on the falls, with a dam in contact with it, across the river, creating a water power which has ever since been in use.

In 1781, he built a dam across the river, about 10 rods above the former one. By this upper dam he conducted a part of the water from the river through a channel, cut around the falls; this channel was called the Forge stream, and upon it he erected works for the manufacture of iron.

In 1787, he conveyed, to those under whom the plaintiff derives title, the first named mill with the privileges appurtenant, reserving to himself, his heirs and assigns, the right to divert sufficient water through said Forge stream for the use of his iron works, or for any other mill requiring an equal amount of water power. The defendant has the rights which Powell retained under said reservation. In 1800, the dam by which the Forge stream was supplied with water, was carried away, and the stream was thenceforth entirely obstructed, and the iron works abandoned. That state of things continued till 1845, when the defendant re-opened the stream, and erected a dam of the same dimensions, and in the same place, of that which was carried away in 1800. By this dam much of the water was diverted from the plaintiff's mill, and this action is brought for that cause.

It was agreed that the defendant has the right to divert the water as he has done, unless debarred by the length of time for which the plaintiff and his grantors have had quiet enjoyment, (under their said title,) of all the water power, obtained from the running of the river in its natural channel at the site of their mill, undiminished by the exercise of any of the

rights reserved in their deed from Powell, from the year 1800 to the year 1845.

The case was submitted for decision, by

*M. M. Butler*, for the plaintiff and —

*B. Freeman*, for the defendant.

HOWARD, J. — This is an action of the case, for diverting water from the plaintiff's mill, and is submitted upon an agreed statement of facts.

The right of diverting a portion of the water of Royall's river from the mill, by a dam, through an artificial channel, was asserted and enjoyed, by the defendant, and those under whom he claims, from 1780 to 1800, and the right was then unquestionable. In the year 1800, the dam was carried away by a freshet, and the artificial channel entirely obstructed to the passage of water ; and the "iron-works privilege," which had been supplied by the water previously diverted, was "abandoned, and so remained up to the year 1845, when the dam was rebuilt, and the channel re-opened by the defendant."

The plaintiff, in his own right, had the quiet possession and enjoyment of all the water power, obtained from the running of the waters of the river in their natural channel, at the site of his mill, and dam, undiminished by the exercise of any rights claimed by the defendant, from 1800 to 1845, when the defendant built the dam, and diverted the water as set forth in the declaration.

From this uninterrupted enjoyment of the use of the entire water power of the river, at his mill and site, without the exertion of any adverse use, right or privilege, a grant might fairly be presumed, or a just presumption of right might arise, in favor of the plaintiff's claim, sufficient to establish it at law. *Campbell* v. *Wilson*, 3 East, 294 ; *Bealey* v. *Shaw*, 6 East, 208 ; *Balston* v. *Bensted*, 1 Camp. 463 ; *Hilary* v. *Waller*, 12 Ves. 265 ; *Gray* v. *Bond*, 2 Brod. & Bing. 667 ; *Hazard* v. *Robinson*, 3 Mason, 272 ; *Tyler* v. *Wilkinson*, 4 Mason, 402 ; Angell on Watercourses, 76, 77, 94 ; 1 Greenl.

Ev. sect. 17; *Bolivar Man. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241; Cruise's Dig. T. 31, chap. 1, sect. 26, 43; Bracton, L. 4, chap. 48, sect. 3.

But, independent of presumptions of law, the statute, (R. S. chap. 126, sect. 1, 2,) furnishes a complete bar to the claim of the defendant. The language is, "no dam shall be erected to the injury of any mill lawfully existing, either above or below it, on the same stream; nor to the injury of any mill site, on which a mill, or mill dam shall have been lawfully erected and used, unless the right to maintain a mill, on such last mentioned site, shall have been lost or defeated by an abandonment or otherwise." The plaintiff's mill was lawfully existing upon the river, and the erection of the dam by the defendant, some ten rods above it, caused an injury to the mill, by diverting the water, in violation of this statute.

*Judgment for the plaintiff.*

*The defendant to be heard in damages.*